# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

EDGAR RIVERA,   CASE NO.:

    Plaintiff,

v.

MAC LAWN SERVICES, LLC d/b/a
JUSTIN'S SUPERIOR LAWN CARE,
a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, EDGAR RIVERA ("Plaintiff" or "Mr. Rivera"), by and through undersigned counsel, files this Complaint against Defendant, MAC LAWN SERVICES, LLC d/b/a JUSTIN'S SUPERIOR LAWN CARE ("Defendant" or "MAC"), and states as follows:

## NATURE OF THE SUIT

1.    This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

## PARTIES, JURISDICTION, AND VENUE

2.    Mr. Rivera was an employee who performed services on behalf of Defendant in Osceola County, Florida, and nearby/adjacent counties.

3.    MAC is a Florida limited liability company located in Celebration, Osceola County, Florida, and which, at all times relevant, performed work in Osceola

County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Osceola County, Florida.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

10. At all times material hereto, Defendant was primarily engaged in providing lawnmowing, lawn maintenance, irrigation, and landscaping services to local customers via its premises located in Osceola County, Florida.

11. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

12. At all times material hereto, Plaintiff was engaged in the "production of

goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as trucks, sprayers, and lawnmowers, but which had come to rest within its warehouse location in Osceola County, Florida.

## FACTUAL ALLEGATIONS

14. Mr. Rivera worked for Defendant under the title of Foreman from June 1, 2019, through December 18, 2019.

15. Mr. Rivera always worked in Osceola County, Florida, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

16. Mr. Rivera had no authority to hire or fire employees of MAC.

17. Mr. Rivera had no authority to discipline employees of MAC.

18. Mr. Rivera had no authority to determine the schedules to be worked by any employees of MAC, or to change the schedules.

19. Mr. Rivera had no authority to set rates of pay for other employees or agents of MAC.

20. Mr. Rivera had no input into performance reviews of other employees or agents of MAC.

21. All of Mr. Rivera's major decisions had to be cleared in advance by one of MAC's supervisors.

22. Mr. Rivera was closely monitored by MAC's managers and supervisors at all times.

23. Mr. Rivera followed procedures established by MAC and did exactly as he was instructed to do.

24. Mr. Rivera's duties were to run a truck with three (3) other men to cut, mow, weedeat, and trim yards and hedges, and to spray for weeds.

25. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

26. Defendant hired Plaintiff at a purpoted "salary" of $800.00 after taxes.

27. Plaintiff regularly worked sixty-five (65) or more hours per week for Defendant.

28. Defendant wrongly and improperly classified Plaintiff as an exempt salaried employee.

29. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the above-noted time period.

30. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

31. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

32. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

33. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

34. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

35. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

36. Based on the allegations in Paragraphs 33-35, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

37. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

38. Plaintiff reincorporates and re-alleges paragraphs 1 through 37, above, as though set forth fully herein, and further alleges as follows:

39. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

40. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

41. Plaintiff was not an exempt employee as defined by the FLSA, and was instead an hourly-paid, non-exempt employee as defined by the FLSA.

42. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages in addition to incurring reasonable attorneys' fees and costs.

43. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Award Plaintiff reasonable attorney's fees and costs and expenses of

       the litigation pursuant to 29 U.S.C. §216(b);

e.  Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 25th day of June, 2020.

       Respectfully Submitted,

       **By: /s/Noah E. Storch**
       Noah E. Storch, Esq.
       Florida Bar No. 0085476
       RICHARD CELLER LEGAL, P.A.
       10368 W. SR 84, Suite 103
       Davie, Florida 33324
       Telephone: (866) 344-9243
       Facsimile:  (954) 337-2771
       E-mail:noah@floridaovertimelawyer.com

       *Trial Counsel for Plaintiff*