**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

EDGAR RIVERA,

      Plaintiff, Counter-Defendant,      CASE NO.:  6:20-CV-01131-WWB-LRH

v.

MAC LAWN SERVICES, LLC, d/b/a
JUSTIN'S SUPERIOR LAWN CARE,
a Florida Limited Liability Company,

      Defendant, Counter-Plaintiff.
_____/

**AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT**
**AGREEMENT AND TO DISMISS LAWSUIT WITH PREJUDICE**

Plaintiff, EDGAR RIVERA ("Plaintiff"), and Defendant, MAC LAWN SERVICES, LLC d/b/a JUSTIN'S SUPERIOR LAWN CARE ("Defendant"), by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit, with Prejudice ("Joint Motion"), and state the following in support:

**I.**    **STATEMENT OF FACTS**

1.    On or about June 25, 2020, Plaintiff filed the instant action, alleging that Defendant failed to pay him overtime compensation in violation of the Fair Labor Standards Act ("FLSA") (Count I). *See* ECF No. 1. Plaintiff alleges he was employed by Defendant from June 1, 2019, until approximately December 18, 2019. *See* ECF No. 1 at ¶14. In the Complaint, Plaintiff claims that during his tenure of employment with

Defendant, he regularly worked fifteen (15) hours of overtime per week, but that Defendants failed to compensate for that time. *See id.* at ¶¶27-30.

2. On August 4, 2020, Defendant filed its Answer and Statement of Defenses to the Complaint and filed a Counterclaim against Plaintiff. *See* ECF No. 16. Defendant denies that there was any violation of the FLSA and denies that Plaintiff is owed any unpaid overtime compensation.

3. Throughout the entirety of the instant action, Defendant has continued to deny that there was any violation of the FLSA and has continued to deny that Plaintiff is owed any unpaid overtime compensation. Similarly, Plaintiff denies the validity of Defendant's Counterclaim.

4. Notwithstanding the parties' disagreement over the legal and factual merits of the allegations, and the scope of any potential damages, the parties engaged in settlement discussions in an attempt to see if the instant action could be resolved without further litigation.

5. On September 15, 2020, the parties reached an agreement to resolve and settle the instant action. The parties subsequently drafted and executed a Settlement Agreement and Release that memorializes the monetary and non-monetary terms and conditions of the settlement. A copy of the fully executed Settlement Agreement was previously provided to this Court.

6. The total amount of the settlement is $5,000.00, apportioned as follows: (1) $1,200.00 paid to Plaintiff as the recovery of wages; (2) $1,200.00 paid to Plaintiff as the recovery of liquidated damages; (3) $100.00 paid to Plaintiff as consideration for a mutual

general release between the parties and to resolve Defendant's counterclaim against him, and (4) $2,500 paid to Plaintiff's counsel as the recovery of attorneys' fees and costs.

7. In accordance with the applicable requirements for settling a FLSA claim, as well as this Court's September 8, 2020, FLSA Scheduling Order (ECF NO. 21), the parties hereby seek the Court's approval of the settlement that they have entered into to resolve their dispute in the instant action. The parties further stipulate to the dismissal of the instant action in its entirety, with prejudice, after the Court has reviewed and approved the Settlement Agreement.

8. The parties understand that it is unusual to include a general release in a FLSA settlement, however, because a counterclaim was filed, this case presents circumstances where a mutual general release is warranted. Further, the money being paid to Plaintiff for the FLSA claim is separate and apart, and without regard to the amounts being paid as attorneys' fees and costs, and for the mutual general release.

## II. ARGUMENT

Pursuant to the FLSA, claims for overtime compensation arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.*

As discussed above, the parties dispute whether any liability exists in the instant action. Nonetheless, the parties have agreed to settle all of the claims in this dispute and have executed a Settlement Agreement. As stated above, the amount of money being paid to Plaintiff for the FLSA claims is separate and apart, and without regard to the amounts being paid as attorneys' fees and costs, and for the mutual general release. The parties agree that the amount of the wage payment being provided to Plaintiff (*i.e.,* $2,400.00, with $1,200.00 being paid as wages and an equal amount of $1,200.00 for liquidated damages) is a fair and reasonable compromise of their dispute. As noted above, Plaintiff claimed to be owed $5,940.00 in unpaid overtime compensation.

In the end, the $2,400.00 figure agreed to for wages to Plaintiff is over 40% of the amount of wages he claimed to be owed. A compromise in that regard reflects that both sides worked in good faith to reach an amicable resolution at a fair and reasonable amount. The liquidated damages figure being provided to Plaintiff matches the same 1:1 recovery that Plaintiff likely would have received, if he had prevailed on his claim, and so the parties assert that is fair and reasonable as well. Furthermore, Defendant asserts that Plaintiff was exempt, and evidence of same was discussed, including the fact that the Plaintiff was supervising employees, directing their work on a day-to-day basis, and having input into the performance of employees.  Additionally, even if not exempt, Defendant contends that Plaintiff was properly compensated, and in support of same has employees who worked with Plaintiff each day, and who commuted with Plaintiff, all of whom had no issues with their hours worked and/or pay.  Simply, none of the employees with whom Plaintiff worked have overtime related issues, and each of these employees was prepared to testify contrary

4

to Plaintiff's allegations of working overtime. Both factual and legal issues presented themselves and, based on the foregoing, and in light of the evidence and expected testimony, the compromise of Plaintiff regarding the amount owed is fair and reasonable.

Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum, plus payment of a separately agreed upon amount of attorneys' fees and costs. The amount of Plaintiff's Counsel's fees and costs was negotiated and agreed upon separately, and without regard to the amount paid to settle Plaintiff's FLSA claim. The parties agree that the amount of the attorney's fees and costs being provided to Plaintiff's counsel is fair and reasonable. Specifically, the instant case was filed on June 25, 2020. *See* ECF No. 1. Due to the nature of the claim asserted, namely, violation of the Fair Labor Standards Act ("FLSA"), this Court issued its FLSA Scheduling Order. *See* ECF No. 21. Following conferral in good faith and putting forth their best efforts, including reviewing and discussing relevant pay and time records, the parties were able to resolve the instant case. The parties worked with each other throughout the entirety of this case, and, prior to conducting the depositions, were able to resolve. This case involved not only compliance with the FLSA Scheduling Order, but also extensive factual and/or legal discussion between the parties and Plaintiff. The amount of attorneys' fees and costs is, undoubtedly, reasonable, especially given the amount of work performed.

Furthermore, Plaintiff is being paid $100.00 for a mutual general release of any and all claims. The parties understand that general releases are not favored when settling an FLSA claim, however, the circumstances in this case warrant same as a counterclaim was filed against Plaintiff, and the parties wished to resolve same together. While approval is

5

not needed for non-FLSA claims, the parties are presenting the entire settlement to the Court.

The terms of the Amended Settlement Agreement are contingent upon approval by the Court. Thus, the parties respectfully request that the Court approve their settlement and issue an Order dismissing this action with prejudice, but retaining jurisdiction, as necessary, to enforce the Amended Settlement Agreement entered into by the parties.

WHEREFORE, the parties respectfully request that the Court enter an Order approving the terms of the settlement of the instant action, and dismissing this action in its entirety, with prejudice, but retaining jurisdiction, as necessary, to enforce the Amended Settlement Agreement entered into by the parties.

Dated this 20th day of November 2020.

*[The remainder of this page is intentionally left blank.]*

Respectfully submitted,

**By: /s/ *Angela Lipscomb***
Angela Lipscomb, Esq.
Florida Bar No. 31111
Counsel for Defendant
Lipscomb & Partners, PLLC
127 W Fairbanks Ave, Ste 483
Winter Park, Florida 32789
Telephone: 786.431.2228
al@lipscombpartners.com


**By: /s/ *Alexander T. Harne***
Noah E. Storch, Esq.
Florida Bar No. 0085476
Alexander T. Harne, Esq.
Florida Bar No. 126932
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
aharne@floridaovertimelawyer.com
noah@floridaovertimelawyer.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the CM/ECF system on this 20th day of November 2020.

/s/ *Noah E. Storch*
Noah E. Storch, Esq.